**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith, individual and as the mother of CR, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>Barrow Neurological Institute of St. Joseph's Hospital and Medical Center owned and operated by Catholic Healthcare West, an Arizona Corporation, et al.,<br><br>Defendants. | No. CV10-1632-PHX-DGC<br><br>**ORDER** |

Defendants Banner Health System, Banner Desert Medical Center, and Scott Elton, M.D. (collectively "Banner Health Defendants") move to dismiss Plaintiff's first and second causes of action for failure to state a claim. Doc. 5. Defendants Catholic Healthcare West, Charles Alfano, M.D., and Harold Retake, M.D. (collectively "CHW Defendants") join Banner Health Defendants' motion.[1] Doc. 14. Plaintiff opposes both motions and asks, in the alternative, for leave to amend her complaint to cure deficiencies. Docs. 13, 24. The Banner Health Defendants oppose amendment. Doc. 16. The CHW Defendants maintain dismissal is proper, but do not oppose amendment. Doc. 28. The motions have been fully

---

[1] Defendant Catholic Healthcare West responds as "Catholic Healthcare West dba St. Joseph's Hospital and Medical Center dba Barrow Neurological Institute." Doc. 14 at 2.

briefed. For the reasons stated below, the Court will grant the motions in part and grant leave to amend.[2]

**I.   Background.**

Plaintiff Leanna Smith filed an action against the Banner Health Defendants and the CHW Defendants (collectively "Defendants") and others as a result of Defendants' alleged involvement in depriving Plaintiff of the custody of her daughter, C.R. Doc. 1-5 at 31-32. The complaint alleges two tort claims (Counts I and III) and one claim for federal civil rights violations (Count II). *Id.* The action was brought in state court and removed to this Court. Doc. 1. Defendants move to dismiss Counts I and II under Rule 12(b)(6).[3]

Defendants argue that the Count I tort claims should be dismissed because A.R.S. § 13-3620(J) precludes liability for persons who report or participate in the investigation of suspected child abuse where such persons act without malice. Docs. 5, 14. Defendants assert that Count I does not allege malice and should therefore be dismissed for failure to state a claim. Docs. 5, 14. Plaintiff argues that "[t]he allegations of intentionally wrong conduct is sufficient [to] state a claim that Defendants are not immune under A.R.S. § 13-3620(J)," citing for support to *Ramsey v. Yavapai Family Advocacy Center*, 235 P.3d 285 (Ariz. App. 2010). Doc. 13 at 4; Doc. 24 at 7-8. Plaintiff further asserts that under Federal Rule of Civil Procedure 9, malice can be pleaded generally by alleging that Defendants intentionally provided false and misleading information. Doc. 13 at 4-5; Doc. 24 at 7.

Defendants argue that the Count II civil rights claims should be dismissed because Plaintiff has not sufficiently alleged state action. Doc. 5 at 7-8; Doc. 14 at 7-8. Defendants

---

[2] The Banner Health Defendants' and Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[3] The Banner Health Defendants also assert that Plaintiff's complaint does not meet the "simplicity" requirements of Rule 8 because it is "essentially a voluminous recitation of CR's history of medical appointments." Doc. 5 at 4:24-26. The allegations in the complaint are extensive, but the Banner Health Defendants seek dismissal under Rule 12(b)(6), not under Rule 8.

- 2 -

maintain that conclusory allegations of conspiracy with government officials are insufficient to survive a motion to dismiss. Doc. 5 at 7-8; Doc. 14 at 7-8. Plaintiff argues that Defendant Elton acted as an agent for the State by gathering information, soliciting physician signatures, and providing findings in a "paper" to Child Protective Services ("CPS"). Doc. 13 at 8-9. Plaintiff argues that she will be able to uncover whether Dr. Elton acted at the behest of CPS only during discovery. *Id.* Plaintiff also maintains that Dr. Alfano and the CHW Defendants "were the key player in organizing the joint venture to pursue a CPS action against Plaintiff." Doc. 24 at 11-12.

**II.     Count I.**

A complaint must give a defendant fair notice of the nature of the plaintiff's claims and the grounds upon which they rest. *See Lee v. City of Los Angeles*, 250 F.3d 668, 682 (9th Cir. 2001). Although *Ramsey* framed "malice" under A.R.S. § 13-3620(J) as a factual determination that the alleged tortfeasor "intended to do something that he or she knew to be wrong," *Ramsey* did not decide whether malice must be pled expressly. *Ramsey*, 235 P.3d at 292-93. Moreover, although Rule 9(b) permits intent other than fraud or mistake to be "alleged generally" rather than "with particularity," this does not eliminate the need to plead malice generally when it is an element of the claim.

Applying A.R.S. § 13-3620(J), *Ramsey* held that a person making a report of suspected child abuse is protected from liability only if he or she reasonably believes abuse has occurred, but that individuals who participate in a judicial or administrative proceeding or investigation are held to a different standard – they have qualified immunity if they acted without malice, regardless of whether their beliefs were reasonable. *Ramsey*, 235 P.3d at 291-92. Plaintiff argues that "allegations of intentionally wrong conduct" are sufficient to allege malice, but the conduct alleged in the complaint could be construed as a lack of reasonableness. If Plaintiff intends to allege malice rather than lack of reasonableness against some or all of the Defendants, malice must be expressly pled so that each defendant has fair notice of the claim.

Plaintiff seeks leave to cure pleading deficiencies by amending the complaint. Courts

should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court will permit Plaintiff to file a second amended complaint.

**III.    Count II.**

Because the Court grants Plaintiff leave to amend, Defendants' motions to dismiss Count II are moot. In the event that the issue of "state action" may be raised again after amendment, the Court will take this opportunity to address some of the arguments made by the parties, in the interest of judicial efficiency.

Under § 1983, mere conclusory allegations that a private party "conspired" with a state actor are insufficient. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Instead, a plaintiff must allege a factual basis to establish state action as to each defendant. *Id.* When a plaintiff alleges conspiracy between private and public actors to violate federal civil rights, for example, the plaintiff must factually allege that there was an agreement to violate constitutional rights. *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants. . . . To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (internal quotation marks omitted).

In some cases it might be difficult to assert, prior to discovery, specific conduct that makes a defendant a state actor. This does not appear to be such a case, however, because Plaintiff believes that amending the complaint will cure any existing pleading defects as to Count II. Plaintiff is encouraged to do so, because the present complaint fails to allege the requisite state action with regard to, *inter alia*, Defendants Alfano and Retake. *See Simmons*, 318 F.3d at 1161. Moreover, some of the conduct described in Plaintiff's responses with regard to Dr. Elton is not part of her complaint.

**IT IS ORDERED**:

1.     Banner Health Defendants' motion to dismiss (Doc. 5) is **granted in part** and

- 4 -

**denied in part** as stated above.

2. CHW Defendants' motion to dismiss (Doc. 14) is **granted in part** and **denied in part** as stated above.

3. Plaintiff's motions for leave to amend the complaint (Docs. 13, 24) are **granted**. Plaintiff shall file a second amended complaint by **December 16, 2010**.

DATED this 1st day of December, 2010.

David G. Campbell
United States District Judge