**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith, individual and as the mother of CR, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>Barrow Neurological Institute of St. Joseph's Hospital and Medical Center owned and operated by Catholic Healthcare West, an Arizona Corporation, et al.,<br><br>Defendants. | No. CV10-1632-PHX-DGC<br><br>**ORDER** |

Defendants have moved to dismiss Plaintiff's claims against them with prejudice under Rule 41(b) (Doc. 31), strike Plaintiff's Second Amended Complaint under Rule 12(f) (Doc. 35-37), strike Plaintiff's sur-reply to Defendants' motion to dismiss (Docs. 40, 42), and strike Plaintiff's reply to Defendant's motion to strike the Second Amended Complaint (Docs. 41, 42). Plaintiff opposes the motions. Doc. 33, 38, 43. Plaintiff also moves for retroactive extension of the deadline for filing her Second Amended Complaint (Doc. 33), which Defendants oppose (Docs. 35-37). Most of the motions have been fully briefed, but replies are still outstanding on the motion to strike the sur-reply and reply. For reasons stated below, the Court will grant Plaintiff's motion and deny Defendants' motions.[1]

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**A.    Background.**

On December 1, 2010, this Court ruled on Defendants' motions to dismiss Plaintiff's first and second causes of action. Doc. 30. The Court granted Plaintiff's motion to amend and ordered Plaintiff to file the Second Amended Complaint by December 16, 2010. *Id.* at 5.

On December 23, 2010, Defendants filed a joint motion to dismiss on the grounds that Plaintiff failed to file the Second Amended Complaint by the stated deadline. Doc. 31. At some time thereafter on the same day, Plaintiff filed the Second Amended Complaint. Docs. 32, 34. Plaintiff also filed, on the same day, a motion for retroactive extension of time to file the Second Amended Complaint under Rule 6(b)(1)(B). Doc. 33. Plaintiff's counsel asserts that its failure to comply with the December 16 deadline was due to counsel inadvertently failing to read the electronic email notifying counsel of the Court's decision, that this reason constitutes excusable neglect, and that Defendants are not prejudiced by the filing being made seven days late. *Id*. Defendants Banner Health and Scott Elton filed a motion to strike the Second Amended Complaint on December 30, 2010 (Doc. 35), which the other Defendants subsequently joined (Docs. 36, 37). The motion was combined with a response to Plaintiff's motion to extend, and the response argues extension should be denied because the reason stated by Plaintiff's counsel does not constitute excusable neglect. Doc. 35 at 2. Defendants' other motions are addressed below.

**B.    Plaintiff's Motion to Retroactively Extend the December 16 Deadline.**

"When an act may or must be done within a specified time, the court may [with certain exceptions not applicable here], for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), and

1 *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

2 Defendants do not assert prejudice or bad faith on the part of Plaintiff. Docs. 35-36. Plaintiff's delay was seven days, which is not lengthy in light of the fact that no answers have yet been filed in this case. *Ahanchian*, 624 F.3d at 1262 ("[T]he defendants would not have been prejudiced by a week's delay in the filing of the opposition and a concomitant week extension to file a reply. At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial."). Finally, Plaintiff's proffered reason for the delay has been found excusable by the Ninth Circuit. *Id.* ("[T]he attorney's reasons for his nearly month-long delay [in *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000)], the need to recover from jet lag and to review mail, were far less persuasive. Yet, we concluded that excusable neglect was established.").

In sum, the Court concludes that Plaintiff has established excusable neglect, and will grant Plaintiff's motion to extend the timeline to December 23, 2010.

**C. Defendants' Motions.**

Defendants' motion to dismiss with prejudice is grounded in Plaintiff's failure to timely file the Second Amended Complaint. Doc. 31. In light of the Court's grant of a retroactive extension of time, the motion to dismiss will be denied.

Defendants' motion to strike the Second Amended Complaint is brought under Rule 12(f), but Defendants fail to show "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" as required by the rule. Fed. R. Civ. P. 12(f). The motion will be denied.

**IT IS ORDERED**:

1. Plaintiff's motion to extend time (Doc. 33) is **granted**.

2. Defendants' motions (Docs. 31, 35, 36, 37, 40, 41, 42) are **denied** as stated in this order.

DATED this 24th day of February, 2011.

_____
David G. Campbell
United States District Judge

- 4 -