**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith, individual and as the mother of CR, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>Barrow Neurological Institute of St. Joseph's Hospital and Medical Center owned and operated by Catholic Healthcare West, an Arizona Corporation, et al.,<br><br>Defendants. | No. CV10-1632-PHX-DGC<br><br>**ORDER** |

Defendants Banner Health Systems, Banner Desert Medical Center, and Scott Elton, M.D. ("collectively Banner Defendants") and Defendants Catholic Healthcare West d/b/a St. Joseph's Hospital and Medical Center d/b/a Barrow Neurological Institute, Charles Alfano, M.D., and Harold Rekate, M.D. ("collectively CHW Defendants") move to dismiss Plaintiff's first two claims. Docs. 46, 47. Banner Defendants and CHW Defendants will be referred to collectively as "Defendants" for purposes of this motion. Plaintiff opposes dismissal and in the alternative moves to amend her complaint. Docs. 48, 49. The motions have been fully briefed. Docs. 46-52. For reasons stated below, the Court will deny all three motions.[1]

---

[1] Banner Defendants' and Plaintiff's requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.     Background.**

The facts alleged are as follows. Over a period of at least two years, Plaintiff's daughter, C.R., experienced several severe medical symptoms, the etiology of some of which is unknown, and underwent several medical procedures related to those symptoms. Doc. 34 at 4-20. During all or part of this period, C.R. was covered by the Arizona Health Care Cost Containment System ("AHCCCS."). *Id.* at 20. Defendant Rekate was C.R.'s neurosurgeon for certain periods of time, and resigned from the case at least twice. *E.g.*, *id.* at 20-22. Defendant Alfano was a Vice President with Defendant Catholic Healthcare West. *Id.* at 19.

On August 22, 2008, Plaintiff expressed to Dr. Alfano her frustration with the hospital's treatment of C.R. *Id.* Alfano replied that this issue was not about C.R., that it was personal between Alfano and Plaintiff, and that Plaintiff "would not like what we are going to do to you next." *Id.* at 20-21. Dr. Alfano or someone at his direction submitted a complaint against Plaintiff to Arizona Child Protective Services ("CPS"). *Id.* at 21. Dr. Bruce White also made a report to CPS asserting that Plaintiff was making poor decisions about C.R.'s treatment (*id.*), but Dr. White is not a non-party to this case.

When C.R. was transferred to the Banner Desert Medical Center, Defendant Elton became her new neurosurgeon. *Id.* at 22. Dr. Elton subsequently asserted that the etiology of C.R.'s symptoms was psychological.[2] *See id.* at 22:13-15. Four doctors, including Elton, later signed a document asserting that "returning home to mother's care will impede CR recovery and be further Psychologically and Medically Harmful to CR." *Id.* at 22. On September 3, 2008, C.R. was placed in CPS custody and went into foster care. *Id.* at 22-23. C.R. subsequently developed meningitis. *Id.* at 26.

On or around March 22, 2010, Plaintiff filed suit in Maricopa County Superior Court. Doc. 1-2 at 7-26. The case was removed to this Court on August 2, 2010. Doc. 1. Plaintiff's Second Amended Complaint was filed on December 23, 2010, and contains three causes of

---

[2] Plaintiff's expert frames this as Dr. Elton concluding Plaintiff suffers from Munchausen Syndrome by Proxy. *See* Doc. 48 at 3:26-27.

- 2 -

1  action. Doc. 34. Count 1 alleges gross negligence and intentional interference with custody
2  of a child. *Id.* at 29-30. Defendants are alleged to have provided false and misleading
3  information to CPS, causing Plaintiff to lose custody of C.R. *Id.* Count 2 alleges violation
4  of civil rights under 42 U.S.C. § 1983 by virtue of (a) false allegations about Plaintiff,
5  (b) depriving Plaintiff of custody of C.R., (c) engaging in the aforementioned actions in
6  retaliation for Plaintiff exercising her First Amendment rights, and (d) an agreement between
7  private and public actors to violate Plaintiff's rights. *Id.* at 30-31.

8        Defendants move to dismiss Plaintiff's two claims against them under Federal Rule
9  of Civil Procedure 12(b)(6). As to Count 1, Defendants argue that they owed no duty to
10 Plaintiff in light of her being an alleged child abuser, and that they are immune from liability
11 under A.R.S. §§ 13-3620(J) and 8-805(A) because Plaintiff has not adequately alleged the
12 malice required to defeat immunity. Doc. 46 at 5-9; Doc. 47 at 6-11. As to Count 2,
13 Defendants argue that they are not state actors for purposes of § 1983. Doc. 46 at 9-10;
14 Doc. 47 at 11-12.

15       Plaintiff argues that Defendants have a duty not to make a malicious and false report
16 to CPS (Doc. 48 at 7:27-28), that the complaint alleges malice adequately (*id.* at 7-10), and
17 that Plaintiff's responses to prior motions to dismiss addressed Defendants' immunity and
18 § 1983 arguments (*id.* at 2:14-26). In the alternative, Plaintiff moves to amend her complaint
19 to include opinion statements from her expert. *Id.* at 2:12-13, 4:27-28.

20 **II.  Legal Standard.**

21       When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6),
22 the well-pled factual allegations "'are taken as true and construed in the light most favorable
23 to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation
24 omitted). Legal conclusions couched as factual allegations "are not entitled to the
25 assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are
26 insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec.*
27 *Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6)
28 dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Discussion.**

    **A.   Count 1.**

        **1.   Duty Argument.**

Defendants first argue that they owed no duty to Plaintiff in light of her being an alleged child abuser, citing *Ramsey v. Yavapai Family Advocacy Ctr.*, 235 P.3d 285, 293-94 (Ariz. App. 2010). Doc. 46 at 5-6; Doc. 47 at 6-7. In *Ramsey*, the plaintiff argued that the defendant counselor negligently destroyed his relationship with his child when, in treating the child after the child's mother and the child indicated the father may have sexually molested the child, the counselor reported to CPS that she believed the child was abused. 235 P.3d at 288, 293. The court held that "in treating an alleged victim of abuse, a health care professional owes no duty of care to an alleged third-party abuser." *Id.* at 295.

Plaintiff responds that Defendants have a duty not to make a malicious and false report to CPS. Doc. 48 at 7:27-28. Malice, however, suggests an intentional act. *See Ramsey*, 235 P.3d at 292 ("[m]alice ... import[s] a wish to vex, annoy or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." (quoting A.R.S. § 1-215.20 (Supp. 2009))). Plaintiff does not address the issue of duty in a negligence action, and the Court is persuaded that *Ramsey* is good law in Arizona.

The Court cannot dismiss Plaintiff's first count on this ground, however, because Plaintiff's Second Amended Complaint does not appear to allege mere negligence in Claim 1, and Defendants cite no law for the proposition that duty is an element of intentional interference with custody of a child. Defendants' negligence argument may have been aimed

- 4 -

1  at the medical malpractice allegations (Doc. 46 at 5) that were eliminated from this case
2  when C.R. was dismissed without prejudice at the case management conference on April 20,
3  2011.

### 2.     Malice Argument.

Defendants argue that they are immune from liability under A.R.S. §§ 13-3620(J) and 8-805(A) because Plaintiff has not adequately alleged malice as required to defeat immunity. Doc. 46 at 5-9; Doc. 47 at 6-11. Plaintiff responds that the complaint alleges malice adequately (Doc. 48 at 7-10), and that Plaintiff's responses to prior motions addressed Defendants' immunity arguments (*id.* at 2:14-26).

Plaintiff's Second Amended Complaint alleges that "Defendants and each of them acted with malice in making the report to [CPS]," that "Defendants agreed to and did provide false information to CPS," and that "Defendants intentionally interfered with and provided false and misleading information to the Court to take custody away from [Plaintiff]." Doc. 34 at 29. Assuming the above factual allegations to be true, as the Court must on a motion to dismiss, the Court concludes that malice is expressly pled.[3]

As noted by *Ramsey*, "[m]alice . . . import[s] a wish to vex, annoy or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." 235 P.3d at 292. Malice is a "condition[] of a person's mind," Fed. R. Civ. P. 9(b), and may be inferred from a person's words or acts, *see Citizen Publ'g Co. v. Miller*, 115 P.3d 107, 111 n.2 (Ariz. 2005) (noting that, in a defamation context, "actual malice" exists when speech is made "with knowledge that it was false or with reckless disregard of whether it was false or not" (citation omitted)). Thus, malice – once adequately pled – is a factual question that cannot be resolved on a motion to dismiss. *See Snow v. Western Sav. & Loan Ass'n*, 730 P.2d 204, 211 (Ariz. 1986) ("The question of intent ordinarily is for the finder of fact."); *Ramsey*, 235 P.3d at 293 (noting that plaintiff "failed on summary judgment to offer any

---

[3] Defendants' contention that dismissal is appropriate under *Ramsey* because Plaintiff has failed to furnish sufficient facts at the pleading stage to support the malice allegations lacks merit. *Ramsey* addressed the summary judgment stage. *Ramsey*, 235 P.3d at 293.

- 5 -

evidence that [defendants] acted with malice in that they intended to do something they knew to be wrong").

### B.     Count 2.

Defendants argue that they are not state actors for purposes of § 1983. Doc. 46 at 9-10; Doc. 47 at 11-12. Plaintiff responds that her briefings in prior motions to dismiss addressed Defendants' § 1983 arguments. Doc. 48 at 2:14-26.

This Court's most recent order on this issue was filed on December 1, 2010. Doc. 30. The Court found that the prior version of Plaintiff's complaint failed to allege the requisite state action. *Id.* at 4:23-25. The Court also noted the following about the state action requirements of § 1983:

> Under § 1983, mere conclusory allegations that a private party "conspired" with a state actor are insufficient. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Instead, a plaintiff must allege a factual basis to establish state action as to each defendant. *Id.* When a plaintiff alleges conspiracy between private and public actors to violate federal civil rights, for example, the plaintiff must factually allege that there was an agreement to violate constitutional rights. *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants. . . . To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (internal quotation marks omitted).

Doc. 30 at 4:8-19.

Plaintiff's amended complaint alleges that "[u]pon information and belief, there was an agreement between the parties to violate Plaintiff's constitutional rights and to have CPS take CR away from Plaintiff by making false allegations against Plaintiff." Doc. 34 at 30:16-18. Defendants argue that courts should presume that private conduct is not state action (Doc. 47 at 11), and that Plaintiff's amended claim is insufficient and conclusory (Doc. 46 at 10). The Court disagrees. Plaintiff has expressly alleged that there was an agreement to violate her constitutional rights. Doc. 34 at 30:16-18. Therefore, the presumption enunciated in *Sutton v. Providence St. Joseph Medical Center* does not apply. 192 F.3d 826, 825, 835-36 (9th Cir. 1999) (noting that "something more" than conduct is needed to rebut the

- 6 -

presumption that private parties are not state actors, and that public function, *joint action*, governmental compulsion or coercion, and governmental nexus can constitute "something more" (emphasis added)). Plaintiff expressly alleges the existence of an agreement between government defendants and private defendants to violate her constitutional rights. This allegation, assumed true on a motion to dismiss, satisfies the joint action factor stated in *Sutton*.[4]

### C. Plaintiff's Motion to Amend.

Plaintiff moves to amend as an alternative remedy to dismissal of her first two claims. Doc. 49 at 2. Because the claims have not been dismissed, the motion to amend will be denied as moot.

**IT IS ORDERED**:

1. Banner Defendants' motion to dismiss (Doc. 46) is **denied**.
2. CHW Defendants' motion to dismiss (Doc. 47) is **denied**.
3. Plaintiff's motion to amend (Doc. 49) is **denied as moot**.

DATED this 4th day of May, 2011.

David G. Campbell
United States District Judge

---

[4] Although Defendants' motions cite to *Twombly* and *Iqbal* generally, they do not expressly argue that the agreement alleged by Plaintiff is a legal conclusion rather than a factual allegation. Docs. 46, 47.