**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith, individual and as the mother of CR, a minor,<br><br>          Plaintiff,<br><br>vs.<br><br>Barrow Neurological Institute of St. Joseph's Hospital and Medical Center owned and operated by Catholic Healthcare West, an Arizona Corporation, et al.,<br><br>          Defendants. | No. CV10-1632-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion to amend her complaint. Doc. 82. The motion has spawned much dispute among the parties, including two motions to strike. Docs. 88, 98. Having considered the many briefs filed in connection with the motion to amend and the motions to strike, as well as the lengthy history of this litigation, the Court will deny the motion to amend, deny the motions to strike, and establish a schedule for the completion of this case.[1]

This case has been pending in this Court since early August of 2010 (Doc. 1), and was first filed in state court on March 22, 2010 (Doc. 1 at 2). Plaintiff has filed three different complaints – her initial complaint in state court (Doc. 1-2 at 7), an amended complaint in

---

[1] The various requests for oral argument are denied because the issues have been thoroughly briefed and argument will not aid the Court's decision. Fed. R. Civ. P. 78(b).

1  state court (Doc. 1-5 at 2), and a second amended complaint in this Court (Doc. 32). These
2  complaints, which name 20 defendants including hospitals, state agencies, and numerous
3  doctors, focus primarily on the defendants' allegedly wrongful conduct in causing Plaintiff
4  to lose custody of her minor child, CR.

5  Progress in this case has been slow. Part of the delay has been caused by an ongoing
6  state court proceeding to sever Plaintiff's relationship with CR and the desire of the parties
7  to see the state case concluded before this case proceeds. Part of the delay has resulted from
8  the confidentiality of state records relating to CR and the parties' less than speedy efforts to
9  obtain permission from the juvenile court to use the records in this case. The Court has held
10 three case management conferences, each time urging the parties to move the case forward
11 and ordering Plaintiff to take steps to secure information needed for discovery to proceed.
12 *See* Docs. 57, 70, 85. Among other things, the Court has expressly advised the parties that
13 this case will be resolved within three years of its removal to this Court – an effort to abide
14 by the requirements of Rule 1 of the Federal Rules of Civil Procedure, the three-year
15 objective of the federal courts' CJRA system, and, with some leeway given the complexity
16 of this lawsuit, the ABA's two-year goal for completing civil cases. Doc. 85 at 2.

17 Plaintiff, unfortunately, has not been as responsive as the Court would hope. Plaintiff
18 did not file the second amended complaint on the schedule required by the Court, resulting
19 in additional and unnecessary litigation. *See* Docs. 30-44. Plaintiff has not acted as promptly
20 as the Court required to obtain records from the juvenile court. And Plaintiff disregarded the
21 Court's directive that Plaintiff's counsel confer with defense counsel *before* filing the
22 proposed third amended complaint in an effort to clarify and simplify the proposed additions
23 to this case. *See* Doc. 85. This not only resulted in a lost opportunity to simplify the
24 proposed amendment, but also spawned much unnecessary litigation. *See* Docs. 85, 88, 91-
25 93, 97, 98, 101, 102.

26 Plaintiff's proposed third amended complaint is expansive. It contains 449 paragraphs
27 and eight separate counts, as opposed to 246 paragraphs and three separate counts in the
28 second amended complaint. *Compare* Docs. 32 and 86. More importantly, it proposes to add

entirely new claims about the removal of another of Plaintiff's minor children (JS); add 24 new defendants, including numerous doctors and other health care professionals, companies, UCLA, the California Board of Regents, and foster parents for Plaintiff's children; and add claims for Racketeering and other wrongs that range far beyond the issues that have been the focus of this case from the beginning. *See* Doc. 86. Some of the new parties could have been added to earlier complaints, such as some of the doctors whose actions were involved in events giving rise to this case and who were even mentioned in earlier versions of Plaintiff's complaint. Other Defendants are named as part of an entirely new lawsuit that Plaintiff seeks to graft onto this case – claims arising from the removal of JS from Plaintiff's custody.

This case has been pending for 22 months. Plaintiff and her counsel have had three opportunities to plead her claims. Now is not the time to more than double the size of the case, adding claims and many defendants related to a minor child whose removal has never been part of this litigation and adding expansive new legal theories and claims. What is more, this case has been delayed considerably by the complications of obtaining confidential state documents related to the removal of CR; adding the removal of JS to this case would only compound these confidentiality problems and introduce an entirely new set of sensitive state records and an entirely new source of protracted delay.

Granting Plaintiff's proposed amendment would, in effect, require this litigation to start over. New defendants would need to be served. Motions to dismiss would surely be filed, by new defendants in the case and existing defendants against whom new claims are asserted, replicating two rounds of such motions already completed. *See* Docs. 30, 58.

Courts may deny a motion to amend when it involves undue delay and prejudice to opposing parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Seeking to double the size and complexity of this case some 22 months into the litigation constitutes undue delay. To the extent Plaintiff believes that some of the claims have been discovered only recently, such as the claims related to the removal of JS, she can assert those claims in new litigation. Moreover, the existing defendants, after litigating this case for some time and testing the

- 3 -

various complaints through motions to dismiss – a process that has resulted in simplifying and clarifying of the claims in this case – would be prejudiced by being required to start over and to do so along side 24 new defendants.

Rule 1 calls for the just, speedy, and inexpensive determination of this case. That goal cannot be achieved by permitting Plaintiff to file the expansive third amended complaint. The Court will deny the motion and establish a schedule that will result in resolution of claims asserted in the second amended complaint within three years of the removal of this action to federal court.

**IT IS ORDERED**:

1. Plaintiff's motion to amend (Doc. 82) is **denied**.
2. The pending motions to strike (Docs. 88, 98) are **denied**.
3. The Court will establish a litigation schedule by separate order.

DATED this 17th day of January, 2012.

*/s/ Daniel G. Campbell*

David G. Campbell
United States District Judge