1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Leanna Smith,                          )   No. CV 10-1632-PHX-FJM
                                           )
10           Plaintiff,                     )   **ORDER**
                                           )
11   vs.                                    )
                                           )
12                                          )
     Barrow Neurological Institute et al,   )
13                                          )
             Defendant.                     )
14                                          )
                                           )
15   _____ )

16

17          The court has before it Defendants' Joint Motion for Time Enlargement (doc. 178),

18   Defendants' Joint Motion for Case Management Conference (doc. 179), and the Barrow

19   defendants' Supplement to Request for Time Enlargement (doc. 180).

20          This action is now almost two years old. Judge Campbell's Case Management Order

21   of January 17, 2012 (doc. 104) noted that it needed to be fully resolved "within three years

22   of the August 2010 removal to this Court".  Order of Jan 17, 2012 at 1.  His order set forth

23   generous and reasonable deadlines: Discovery-October 26, 2012; Expert Disclosures- July

24   6, 2012, August 17, 2012 and September 14, 2012; and, Dispositive Motions- November 16,

25   2012.  The order then advised the parties that "The Deadlines are Real".  Order of Jan. 17,

26   2012 at 5.

27          On March 16, 2012, the case was reassigned to the undersigned. (Doc. 124).

28   Concerned about the age of the case, on March 21, 2012, we entered an order that advised

1  the parties that because Judge Campbell's case management order was more than adequate

2  to bring this case to a conclusion, there would "be no extensions granted to the deadlines in

3  the order." Order of Mar. 21, 2012 at 2 (doc. 125).

4       Defendants contend they need more time because plaintiff has failed to comply with

5  the expert witness deadline. But the remedy for that is exclusion of expert witnesses. If the

6  Rule 16 Order were subject to amendment every time a party failed to comply with it, the

7  order would be worthless. Defendants contend that plaintiff has disclosed 250 treating

8  physicians as potential experts and they need to know now what they must respond to. Of

9  course, plaintiff has an obligation to very accurately identify who will actually be called.

10  Judge Campbell's Order limits each side to one retained or specially employed expert per

11  issue. Order of Jan. 17, 2012 at 3. And counsel for plaintiff has an obligation of candor to

12  opposing counsel with respect to the witnesses and exhibits that will actually be used. This

13  court will limit the parties to a limited number of trial days. See Rule 16(c)(2)(O), Fed. R.

14  Civ. P. This alone will require counsel to realistically assess their witness lists. It is absurd

15  to think that 250 witnesses will be called. They will not be allowed.

16       Defendants argue that plaintiff intends to disclose "years" worth of medical records

17  that need to be assessed. But if plaintiff has failed to comply with her disclosure or discovery

18  obligations, sanctions, up to dismissal of the claim, are available. Again, a non-compliant

19  party or lawyer has no right to upset the schedule. They just expose themselves to potential

20  dismissal, default, exclusion and the like.

21       Defendants argue that they have a motion for summary judgment pending. But it was

22  just ripe on June 22, 2012. It will be decided in due course.

23       Finally, counsel for the Barrow defendants advise us of surgery which will take her

24  out of action for a few weeks in August. We are, of course, sensitive to medical issues. But

25  a few weeks in a case this old is not significant. Moreover, the Barrow defendants are

26  represented by more than one lawyer–the other lawyer or lawyers can cover during the

27  affected weeks.

28       Counsel need to cooperate with each other in a professional way. If they do so, the

schedule in this case is far more than adequate.  If they do not, some litigant or lawyer, depending on whom is at fault, will bear the consequence.  Non-compliance is not an option.

Once we resolve the pending motion for summary judgment, and other motions for summary judgment, if at that point any claim is still standing we will issue a final supplement to the schedule, setting forth the dates for the submission of a proposed pre-trial order, a final pre-trial conference, and a firm trial date.  We encourage, once again, the early filing of motions for summary judgment.

For all of these reasons, it is ORDERED DENYING Defendants' Motion for Time Enlargement (doc. 178), Motion for Case Management Conference (doc. 179), and Supplement (doc. 180).

DATED this 19th day of July, 2012.


_____
Frederick J. Martone
United States District Judge