**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Leanna Smith, | ) | No. CV 10-01632-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Barrow Neurological Institute of St. | ) | |
| Joseph's Hospital and Medical Center, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The court has before it plaintiff's motion to modify protective order and/or for authority to provide confidential records to law enforcement (doc. 182), Banner Health's response (doc. 196), Dignity Health defendants' joinder in response (doc. 199), and plaintiff's reply (doc. 211). On June 28, 2011, this court entered a protective order regarding release of confidential records and information (doc. 69). It ordered "that the production of 'Confidential Information' is authorized for the limited purpose of use in this specific civil lawsuit" (id. at 1 (emphasis in original)). Plaintiff seeks an order modifying this protective order to allow release of confidential information about her daughter, C.R., to the United States Department of Justice ("DOJ").

After filing her motion here, the juvenile court granted plaintiff's motion requesting release of confidential files from that case. The juvenile court authorized plaintiff to release "any and all confidential files, records and information of Child Protective Services ('CPS')

1   and any and all records, documents, transcripts, testimony or reports in [C.R.'s] Juvenile
2   Court proceeding in her possession to the United States Department of Justice, Civil Rights,
3   Criminal Division ('DOJ') and to any law enforcement or state or federal agency" (doc. 211,
4   ex. A).   Plaintiff accordingly narrows her request here to "the Dignity Health records
5   disclosed on June 3, 2012 and not contained in the Juvenile Court case records and files"
6   (doc. 211 at 3).

7        The statutes plaintiff cites in support of her motion do not provide authority for
8   releasing confidential records. A.R.S. § 12-2235 simply defines the doctor-patient privilege.
9   Section 12-2292 renders medical records privileged and confidential.  Section 12-2294(A)
10  provides that a health care provider shall disclose medical records without the patient's
11  written authorization "as otherwise required by law or when ordered by a court or tribunal
12  of competent jurisdiction."  Section 41-1959 provides that records relating to investigations
13  conducted by child protective services are confidential.  Plaintiff also cites § 8-807, which
14  authorizes CPS to release records to governmental agencies.  But the only records at issue
15  are records from defendant Dignity Health.  Plaintiff has not shown that any statutory
16  authority supports her request to release records to the DOJ.

17       The holder of the doctor-patient privilege is the patient.  C.R. was a minor when the
18  records were created, but she was not a minor when they were disclosed in this case.
19  Plaintiff is no longer C.R.'s legal guardian.  C.R. is now the holder of the doctor-patient
20  privilege with respect to her own medical records and she has not waived this privilege.

21       "[M]odification of a protective order, like its original entry, is left to the discretion of
22  the district court."  United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th
23  Cir. 1990) (cited in Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 472 (9th Cir. 1992)).
24  In the parties' joint motion for restricted release of confidential records, the parties stated that
25  the "release of the files, records and information is necessary and for the limited purpose of
26  use in this specific civil lawsuit."  (Doc. 61 at 3 (emphasis in original)).  Based on this
27  representation, the court ordered production of confidential information, including medical
28  records, for use in this specific civil lawsuit.  Defendants released records in reliance on the

court's protective order.  Medical records are privileged and confidential.  The patient here has not waived her privilege.  Plaintiff has not made the showing necessary to justify modifying the protective order.

**IT IS ORDERED DENYING** plaintiff's motion to modify protective order and/or for authority to provide confidential records to law enforcement (doc. 182).  This, of course, is without prejudice to the right, if any, of any non-party to seek records directly from defendants.

DATED this 24th day of August, 2012.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge

- 3 -