**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith, | No. CV 10-01632-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Barrow Neurological Institute of St. Joseph's Hospital and Medical Center, et al., | |
| Defendants. | |

We have before us Banner Health System's motion to file Exhibit A to motion to transfer [doc. 230] under seal (doc. 231), state defendants' motion to file motion for summary judgment and statement of facts under seal (doc. 236), Banner Health System and Scott Elton, M.D.'s motion to file motion for sanctions under seal (doc. 239), and plaintiff's motion to file exhibits to response to motion for transfer of related case under seal (doc. 245). These documents discuss medical records, juvenile court records, an investigation by Child Protective Services workers, and police reports.

There is a "strong presumption in favor of access" to court records, including motions for summary judgment and related attachments. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). To overcome this burden, a party seeking to seal a judicial record "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Id. at

1 | 1178-79 (brackets, internal quotation marks, and citations omitted).

2 | Exhibit A to the motion to transfer is the complaint filed under seal in another case. It centers on an investigation made by Child Protective Services. State defendants contend their motion for summary judgment and statement of facts should be sealed because publicly releasing medical and juvenile court information could embarrass, harass, or otherwise harm plaintiff's daughter, C.R. Banner Health System and Scott Elton, M.D. request the sealing of their motion for sanctions because the motion and exhibits contain information related to the juvenile court proceedings. Plaintiff's exhibits consist of juvenile court files, minute entries from that court, and a police report involving allegations made to Child Protective Services.

Juvenile court records and proceedings are generally confidential. See, e.g., A.R.S. §§ 8-208(F) ("Except as otherwise provided by law, the records of an adoption, severance or dependency proceeding shall not be open to public inspection."); 8-537(A) (excluding general public from termination adjudication hearing). Records relating to investigations conducted by Child Protective Services are confidential. A.R.S. § 41-1959(A). Public policy favors the protection of minors' privacy in such sensitive matters. Compelling reasons exist for sealing these documents.

**IT IS ORDERED GRANTING** Banner Health System's motion to file Exhibit A to motion to transfer under seal (doc. 231), state defendants' motion to file motion for summary judgment and statement of facts under seal (doc. 236), Banner Health System and Scott Elton, M.D.'s motion to file motion for sanctions under seal (doc. 239), and plaintiff's motion to file exhibits to response to motion for transfer of related case under seal (doc. 245).

DATED this 19th day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -