**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith,<br><br>  Plaintiff,<br><br>vs.<br><br>Barrow Neurological Institute of St. Joseph's Hospital and Medical Center, et al.,<br><br>  Defendants. | No. CV 10-01632-PHX-FJM<br><br>**ORDER** |

After more than two years of protracted litigation in this court, this case is finally coming to a close. The court granted summary judgment to defendants Banner Health System ("Banner") and Scott Elton, M.D. (collectively, "Banner defendants") on July 31, 2012 (doc. 200). Plaintiff and defendants Dignity Health, Charles Alfano, M.D., and Harold Rekate, M.D. (collectively, "Dignity defendants") filed a stipulation of dismissal and these defendants have been dismissed (doc. 235). Defendants State of Arizona, Arizona Department of Economic Security, Child Protective Services ("CPS"), Laura Pederson, Tammy Hamilton-Macalpine, and Bonnie Brown (collectively, "state defendants") are the only defendants left in this case. Several motions are pending before the court: Banner defendants' motion to compel and strike (doc. 175), state defendants' joinder (doc. 195), plaintiff's response (doc. 197), Banner defendants' motion to exclude and compel disclosures and discovery responses (doc. 193), plaintiff's response (doc. 212), and Dignity defendants'

"input" (doc. 224), Banner's motion to transfer related case pursuant to LRCiv 42.1(a) (doc. 230), plaintiff's response to motion to transfer and motion to strike (doc. 244), and Banner's reply in support of motion to transfer and response to motion to strike  (doc. 248).

State defendants did not join in Banner defendants' motion to exclude and compel disclosures and discovery responses (doc. 193).  Since Banner defendants are no longer parties, this motion is now moot.

Banner asked the court to strike plaintiff's expert witness disclosures and state defendants join in this motion.[1]  Plaintiff identified 250 treating physicians as expert witnesses.  Her disclosures failed to comply with Rule 26, Fed. R. Civ. P.  The witnesses are identified as experts, but there are no written reports accompanying the disclosure.  Plaintiff contends these experts are not required to provide written reports pursuant to Rule 26(a)(2)(C).  But when witnesses fall into this category, plaintiff must provide a summary of the facts and opinions to which the witness is expected to testify.  Rule 26(a)(2)(C)(ii).  Referring to medical records associated with the physician fails to meet the requirements of this rule and provides cause to strike plaintiff's expert disclosures.

Plaintiff identified two testifying expert witnesses in her disclosure, Dr. Newberger and Dr. Mart.  Dr. Newberger is plaintiff's child abuse expert and Dr. Mart is plaintiff's psychologist expert.  Her disclosures regarding these witnesses fail to comply with Rule 26(a)(2)(B)(v)-(vi), Fed. R. Civ. P.

Dr. Newberger's report is from the related juvenile court case and does not squarely address issues raised in this litigation.  This court found his opinion regarding Banner defendants inadmissible because his speculation about their motives would not help a fact finder determine a fact in issue (doc. 200).   His report contains conclusions relating to the CPS investigation of C.R. and involvement with her subsequent foster care.  Dr. Newberger's report will not be stricken, but the court's reliance on it will of course be limited to what is

---

[1] It also asked, in the alternative, for an order compelling plaintiff to identify the subject matter of each expert's testimony and a summary of their opinions.  Banner later withdrew this portion of the motion (doc. 190).

- 2 -

1  relevant, reliable, and helpful in understanding the evidence or determining a fact in issue.
2  Rule 702, Fed. R. Evid.

3　　　　Similarly, Dr. Mart's expert report consists of three letters written to plaintiff's counsel
4  in preparation for the juvenile court proceedings, not for this case (doc. 175, ex. 1 at 128-39).
5  The letter dated May 10, 2012 discusses nothing but an incident regarding J.S. (id. at 137).
6  Yet no allegations in this case relate to J.S.  The other two letters are "primarily related to
7  the psychological evaluations performed by Kathryn Menendez, Ph.D., and Brenda Bursch,
8  Ph.D." (id. at 128). Dr. Menendez diagnosed plaintiff with Munchausen syndrome by proxy.
9  Dr. Bursch diagnosed plaintiff with various mental disorders and conducted therapy sessions
10 with C.R.  The letters focus on whether C.R. was truly a victim of abuse.  Neither letter
11 discusses the remaining defendants or the current case. His report fails to provide a complete
12 statement of all his opinions in this case, contrary to the requirement of Rule 26(a)(2)(B)(i),
13 Fed. R. Civ. P.  The letter dated May 10, 2012 is stricken as irrelevant.  The letters dated
14 March 28, 2011 and February 10, 2012 are stricken for lack of compliance with Rule
15 26(a)(2)(B), Fed. R. Civ. P.

16　　　　Banner moves to transfer Smith v. Elton, No. 2:12-CV-00905-PHX-ROS, to this court
17 on the basis that both cases arise from the same events and have substantially the same
18 parties.  All defendants in Smith v. Elton other than Tammy Hamilton-Macalpine, Bonnie
19 Brown, Amanda Torres, and their unknown spouses were voluntarily dismissed by plaintiff
20 on August 15 and August 22, 2012.  Banner is no longer a party to either case.  This case
21 was filed more than two years ago and a dispositive motion has been lodged that relates to
22 all but one of the remaining defendants.  In contrast, Smith v. Elton is less than five months
23 old. Plaintiff's new case raises issues not raised here.  Because the cases are at very different
24 stages of litigation and address different issues, transfer would not be economical.  Plaintiff
25 opposed Banner's motion through a response and motion to strike, but provides no argument
26 for why the motion should be stricken rather than denied.

27　　　　**IT IS ORDERED GRANTING** in part and **DENYING** in part defendants' motion
28 to strike (doc. 175). Plaintiff's disclosure of 250 treating physicians and Dr. Mart's report are

- 3 -

stricken. Plaintiff's disclosure of Dr. Newberger's report is not stricken.

**IT IS ORDERED DENYING** as moot Banner defendants' motion to exclude and compel disclosures and discovery responses (doc. 193).

**IT IS FURTHER ORDERED DENYING** Banner's motion to transfer related case pursuant to LRCiv 42.1(a) (doc. 230) and plaintiff's motion to strike (doc. 244).

DATED this 20th day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge