**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith,<br><br>    Plaintiff,<br><br>vs.<br><br>Barrow Neurological Institute of St. Joseph's Hospital and Medical Center, et al.,<br><br>    Defendants. | No. CV 10-01632-PHX-FJM<br><br>**ORDER** |

We have before us Banner Health System and Scott Elton, M.D.'s ("Banner defendants") motion for Rule 54(b) certification and notice of lodging proposed final judgment (doc. 241), plaintiff's response (doc. 247), and defendants' reply (doc. 257).

Rule 54(b), Fed. R. Civ. P., provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the district court may enter final judgment as to one or more but fewer than all of the claims or parties "only if the court expressly determines that there is no just reason for delay." "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir. 1985); see also Gausvik v. Perez, 392 F.3d 1006, 1009, n.2 (9th Cir. 2004) ("Rule 54(b) should be used

1 sparingly"). A similarity of legal or factual issues weighs heavily against entry of judgment
2 under Rule 54(b), and in such cases certification is proper "only where necessary to avoid
3 a harsh and unjust result." Frank Briscoe, 776 F.2d at 1416. When faced with a request for
4 Rule 54(b) certification, the court should first determine whether it has rendered a final
5 judgment and then, if it has, determine whether there is any just reason for delay. Wood v.
6 GCC Bend, LLC, 422 F.3d 873, 877-78 (9th Cir. 2005). The second step takes into account
7 the interests of sound judicial administration and the equities of the parties. Curtiss-Wright
8 Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 1465 (1980). The order granting
9 summary judgment to the Banner defendants on all claims asserted against them is a final
10 judgment on the merits. Wood, 422 F.3d at 879. As a result, we move to step two.

11 The facts underlying the claims asserted against the Banner defendants and the
12 remaining defendants are the same. Banner defendants admit that the legal theories relevant
13 to plaintiff's remaining claims are the same as those addressed in our order granting them
14 summary judgment (doc. 241 at 2). The appellate court would have to decide the same issues
15 more than once if piecemeal appeals were allowed. Appellate resolution of the claims at
16 issue would likely not facilitate settlement of the remaining claims.

17 The remaining claims are not complex. Thus, there will not be a long delay before
18 their resolution through summary judgment or trial. Banner defendants argue that they
19 should not be required to wait to seek fees and costs, but they do not contend (and there is
20 no evidence to support a contention) that a delay will prejudice them because of a threat of
21 insolvency, lost interest, or the like. Cf. Curtiss-Wright, 446 U.S. at 6, 100 S. Ct. at 1464.

22 Although the facts of this case are unique and frequent motions have complicated the
23 docket, the case itself is not complicated. The interests of judicial administration counsel
24 against certifying claims where, as here, "the facts on all claims and issues entirely overlap,
25 and successive appeals are essentially inevitable." Wood, 422 F.3d at 883.

26 ...
27 ...
28

1 **IT IS ORDERED DENYING** Banner defendants' motion for Rule 54(b) certification (doc. 241).

DATED this 10th day of October, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge