**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith, ) | No. CV 10-01632-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Barrow Neurological Institute et al, ) | |
| Defendants. ) | |

On July 30, 2012 we granted defendants Banner Health System and Scott Elton, M.D.'s motion for summary judgment (doc. 200). We now have before us plaintiff's motion for reconsideration, Rule 59 motion, and Rule 60(b) motion (doc. 302), defendants' response (doc. 306), and plaintiff's reply (doc. 312).[1]

First, any motion for reconsideration must be filed within 14 days of the filing of the order that is the subject of the motion. LRCiv 7.2(g)(2). Plaintiff filed her motion over three months after our order granting defendants summary judgment. Therefore, plaintiff's motion is untimely, and is denied on this basis. No good cause has been shown for the delay.

---

[1] Plaintiff's request for relief pursuant to Rule 59(e) and 60(b) is inappropriate because the court's July 30, 2012 order is not a final judgment or appealable interlocutory order. See Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466–67 (9th Cir.1989). Moreover, plaintiff's motion for a new trial under Rule 59(b) is inappropriate because there was no trial under Rule 59(a). Accordingly, we only consider plaintiff's motion to reconsider pursuant to Rule 54(b).

1        Moreover, a court "will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Plaintiff has not met her burden. Plaintiff largely restates facts and arguments that were presented when we considered the parties' motions for summary judgment. Plaintiff ignores LRCiv 7.2(g)(1), under which "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." Plaintiff's "[f]ailure to comply with [LRCiv 7.2(g)(1)] may be grounds for denial of the motion." Id. Nevertheless, we briefly address plaintiff's contentions. We did not invite a responsive filing under LRCiv 7.2(g)(2) because the motion for reconsideration is without merit.

        Plaintiff argues that we committed clear error in not considering Dr. Newberger's opinion that defendants' reports to Child Protective Services ("CPS") were unreasonable. But we considered Dr. Newberger's opinion and determined that it would not be admissible at trial and therefore could not support plaintiff's allegations. See Order of July 30, 2012 at 6 (doc. 200). Plaintiff's dissatisfaction is not a proper basis for reconsideration.

        Plaintiff also argues that new evidence overcomes the presumption that defendants have not acted with malice. But plaintiff has not demonstrated that with diligence the new evidence could not have been brought to the court's attention earlier. Plaintiff argues that defendants refused to schedule depositions before they filed their motion for summary judgment. But plaintiff failed to file a motion to compel the discovery she needed to prosecute her case. Indeed, plaintiff did not file any discovery motion until September 27, 2012, nearly two months after our order granting defendants' motion for summary judgment. We denied the discovery motion noting that plaintiff was given ample time to depose hospital employees and to pursue the necessary discovery. See Order of October 10, 2012 (doc. 276). Moreover, even if we were to consider the evidence plaintiff relies on, we would affirm our original conclusion that plaintiff has not overcome the presumption that defendants acted in good faith when reporting their observations to CPS. Malice is not an inference that could

1  be drawn from plaintiff's submission.

2  Plaintiff next argues that there is sufficient evidence to require a jury to resolve
3  plaintiff's conspiracy claim against defendants.  But plaintiff did not raise that argument in
4  her response to defendants' motion for summary judgment, and has not explained her failure
5  to do so.  Accordingly, we need not consider it now.

6  Plaintiff also suggests that the court erred in deciding that collateral estoppel applies
7  to the issue of C.R.'s abuse because the juvenile court orders were not final for issue
8  preclusion or collateral estoppel purposes, and the court did not review the actual hearing
9  record before determining what was litigated before the juvenile court.  Although this
10 argument differs from that which plaintiff urged in her response to defendants' motion for
11 summary judgment, plaintiff fails to show why she could not have raised it earlier.  Indeed,
12 none of the cases plaintiff cites were decided after we issued our order.  Moreover, the cases
13 are not dispositive, and thus we reject plaintiff's contentions.

14 Finally, plaintiff argues that a jury must resolve factual disputes before we can
15 consider ruling on the issue of qualified immunity.  But plaintiff has failed to identify any
16 factual disputes that, with reasonable diligence, could not have been brought to this court's
17 attention earlier.  Therefore, no basis exists for reconsidering the qualified immunity issue.

18 Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for reconsideration,
19 Rule 59 motion, and Rule 60(b) motion (doc. 302).

20 DATED this 17th day of January, 2013.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge