**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Leanna Smith,

Plaintiff,

vs.

Barrow Neurological Institute, et al.,

Defendants.

No. CV 10-01632-PHX-FJM

**ORDER**

We have before us defendants Banner Health System and Scott Elton, M.D.'s motion for sanctions (doc. 252), plaintiff's response (doc. 286), defendants' reply (doc. 304), plaintiff's motion to strike Exhibit A to defendants' reply (doc. 308), defendants' response (doc. 311), and plaintiff's reply (doc. 329).

As an initial matter, plaintiff's motion to strike Exhibit A to defendants' reply is inappropriate. A motion to strike under Fed. R. Civ. P. 12(f) is limited to pleadings. Neither Exhibit A nor the Reply are pleadings under Fed. R. Civ. P. 7(a). Accordingly, we deny plaintiff's motion to strike. In the alternative, plaintiff seeks leave to file a sur-response to address the contents of Exhibit A. Plaintiff's Motion at 2. But plaintiff has had the opportunity to substantively discuss, and object to Exhibit A in her reply. Therefore, we deny plaintiff leave to file a sur-response.

Defendants move for sanctions against plaintiff and plaintiff's counsel pursuant to Rule 37(b), Rule 11, Fed. R. Civ. P., 28 U.S.C. § 1927, and this court's inherent authority. Pursuant to Rule 37(b), Fed. R. Civ. P., we may impose fees as a sanction for failing to

comply with court-ordered discovery. The court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The fees must be reasonable and caused by plaintiff's failure to engage in discovery. Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993). Here, plaintiff disobeyed this court's orders by failing to promptly obtain records from the juvenile court and to comply with Rule 26, Fed. R. Civ. P. regarding expert disclosures. See Doc. 103 at 2; Doc. 255 at 2. Because plaintiff has not offered substantial justification for her failures, sanctions against plaintiff and her counsel are appropriate.

Defendants also assert that plaintiff's counsel violated Rule 11 by pursuing frivolous claims, and needlessly increasing the costs of litigation. See Rule 11(b), Fed. R. Civ. P. Under Rule 11(c)(2), Fed. R. Civ. P., a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." This "safe harbor" provision is strictly enforced. Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005). Defendants do not discuss the "safe harbor" provision requirements for a motion under Rule 11(c)(2), Fed. R. Civ. P., presumably because they have not been met, and would preclude an award of sanctions. See Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 826 (9th Cir. 2009). Nor has the procedure under Rule 11(c)(3), Fed. R. Civ. P., been invoked. We have issued no order to show cause in this case. Thus, there is no procedural basis for awarding Rule 11 sanctions, even though sanctions under Rule 11 may have been substantively appropriate.

With respect to 28 U.S.C. § 1927, defendants argue that plaintiff's counsel needlessly prolonged the proceedings by filing three frivolous amended complaints.[1] Defendants'

[1] We note that § 1927 applies only to unnecessary filings and tactics once a lawsuit has begun, but not to an initial pleading. In re Keegan Mgmt. Co., Securities Litigation, 78

Motion at 14. Under 28 U.S.C. § 1927, sanctions may be imposed on any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." The sanctions "must be supported by a finding of subjective bad faith," which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." In re Keegan Mgmt. Co., 78 F.3d at 436 (citations omitted). In the context of § 1927, frivolousness is understood as "referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose." In re Girardi, 611 F.3d 1027, 1062 (9th Cir. 2010). Because Judge Campbell granted plaintiff's motion to file a second amended complaint, we cannot conclude that plaintiff's second amended complaint was frivolous. However, Judge Campbell denied plaintiff's motion to file a third amended complaint and found that it caused "much unnecessary litigation." See Doc. 103 at 2. Moreover, plaintiff's counsel must have known that the proposed amendments were frivolous, given that they were related to a minor child that had never been part of the litigation. See id. ( Judge Campbell noting, "Now is not the time to more than double the size of the case, adding claims and many defendants related to a minor child whose removal has never been part of this litigation . . ."). Therefore, we find plaintiff's counsel recklessly filed a frivolous third amended complaint which resulted in multiple and unnecessary filings. See Docs. 85, 88, 91-93, 97, 98, 101, 102. Sanctions under § 1927 are warranted.

Finally, defendants argue that plaintiff's failure to conduct settlement negotiations in good faith warrants sanctions under our inherent powers. Defendants' Motion at 14. A finding of bad faith is required for sanctions under the court's inherent power. Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001). Moreover, "inherent powers must be exercised with restraint and discretion." Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993). Here, defendants contend that plaintiff's absurdly high settlement demand was in bad faith. The forty million dollar demand could not have been in good faith. Moreover, it was just

---

F.3d 431, 435 (9th Cir. 1996). Therefore, sanctions under § 1927 are not available for filing the original complaint.

part of a pattern and practice of conduct that falls short of the "Lawyer's Creed of Professionalism of the State Bar of Arizona." Membership Directory at 76 (2012-2013). We think this may be an educational deficit on plaintiff's counsel's behalf, and, in lieu of monetary sanctions, urge him to give serious thought to how he practices law and to consider educational programs in professionalism.

**IT IS ORDERED DENYING** plaintiff's motion to strike Exhibit A or in the alternative to file a sur-response (doc. 308).

**IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** the motion for sanctions (doc. 252). It is ordered **DENYING** defendants' request for sanctions under Rule 11 and this court's inherent powers. It is ordered **GRANTING** defendants' request for sanctions under Rule 37(b) for discovery failures and 28 U.S.C. § 1927 for plaintiff's filing of a frivolous third amended complaint. Within 10 days of the filing of this order, defendants must file an application for attorneys' fees caused by (1) plaintiff's failure to promptly obtain records from the juvenile court and to comply with Rule 26, Fed. R. Civ. P., and (2) plaintiff's filing of the third amended complaint. The application shall include a task-based itemized statement of fees and expenses. Plaintiff may file a response within 10 days of the filing of defendant's application. Defendants may file a reply within 5 days thereafter.

DATED this 11th day of February, 2013.

Frederick J. Martone

Frederick J. Martone
United States District Judge