**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Leanna Smith, | ) | No. CV 10-01632-PHX-FJM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Barrow Neurological Institute et al, | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it defendants, State of Arizona, Department of Economic Security (DES), Child Protective Services (CPS), Brown, MacAlpine, and Pederson's ("State Defendants") motion for summary judgment (doc. 250), defendants' statement of facts in support ("DSOF") (doc. 251), plaintiff's response (doc. 289), plaintiff's controverting statement of facts ("PSOF") (doc. 290), defendants' reply (doc. 319), and defendants' responses to plaintiff's controverting statement of facts ("DSOF2") (doc. 320).

**I**

On a motion for summary judgment we accept undisputed facts as true and review disputed facts in the light most favorable to the non-moving party. Anthoine v. N. Cent. Cntys. Consortium, 605 F.3d 740, 745 (9th Cir. 2010).

Defendant Child Protective Services ("CPS") is part of the Division of Children,

Youth and Families ("DCYF") within the Arizona State Department of Economic Security ("DES"). Defendants Laura Pederson ("Pederson"), Tammy Hamilton-MacAlpine ("MacAlpine"), and Bonnie Brown ("Brown"), are all employees of CPS. Pederson was the CPS investigator assigned to CR's[1] case. MacAlpine was the "on-going" CPS case worker assigned to CR's case in November 2008 to coordinate services for CR and her family in accordance with the court approved case plan. DSOF ¶¶ 3-4; PSOF ¶ 98. Brown was responsible for supervising and assisting MacAlpine in the performance of her duties. DSOF ¶ 5.

CPS became aware of CR's case on or about August 27, 2008 when Bruce White, D.O. ("Dr. White") from St. Joseph's Hospital and Medical Center ("St. Joseph's") called the CPS hotline. DSOF ¶ 21; PSOF ¶ 21. Dr. White reported concerns that plaintiff was not following the medical advice and treatment recommendations of CR's treating doctors, and that she did not appear to be making decisions that were in the best interest of CR. DSOF ¶ 22; Second Amended Complaint ("SAC") ¶ 199. Dr. White also reported that because of her dissatisfaction with the reports and recommendations of doctors at St. Joseph's, plaintiff moved CR to Banner Desert Hospital and Medical Center ("Banner"). DSOF ¶ 24; SAC ¶ 199.

Doctors at Banner expressed concerns similar to those held by the doctors at St. Joseph's. Four of CR's treating physicians at Banner provided CPS a signed medical record stating that "returning [CR] home to mother's care will impede CR's recovery and be further psychologically and medically harmful to CR." DSOF ¶ 32; SAC ¶ 229. Based on the doctors' concerns, Pederson issued a temporary custody notice for CR on September 3, 2008. DSOF ¶ 33; SAC ¶ 206; PSOF ¶¶ 165-166.

On September 8, 2008, DES filed a Dependency Petition alleging medical neglect in the Superior Court of Arizona in Maricopa County. DSOF ¶ 34. That court entered a

---

[1] We use the initials "CR" for plaintiff's daughter to protect the privacy of the child.

- 2 -

preliminary protective order on September 11, 2008, finding that foster care was "**clearly necessary** to prevent abuse or neglect pursuant to A.R.S. § 8-825." (doc. 251, ex. 10) (emphasis in original). Between February and April 2009, the superior court held an evidentiary hearing and found "by a preponderance of the evidence, that the child is in need of proper and effective parental care and control and, at this time, [plaintiff] is not able to exercise such care and control." (doc. 251, ex. 11). The court further found that "reasonable efforts had been made to prevent the removal of the child(ren) from the home and that continuation in the home would be contrary to the welfare of the child(ren), or that it was reasonable to make no efforts to maintain the child(ren) in the home." Id. Plaintiff filed a timely notice of appeal from the order of the superior court, but it was dismissed when she abandoned it. DSOF ¶¶ 39-40.

On March 22, 2010, Plaintiff filed an action in the Superior Court of Arizona in Maricopa County, which was removed here. (doc. 1). Plaintiff asserted three counts in her second amended complaint, but subsequently withdrew count three. It is unclear whether count one of plaintiff's second amended complaint is asserted against the State Defendants. Count one alleges that "[d]efendants agreed to and did provide false information to CPS to be provided to the Court to justify CPS taking custody of CR." Because plaintiff distinguishes CPS from the "defendants" referenced in count one, we conclude that count one is not asserted against the State Defendants. In count two, plaintiff alleges that defendants violated her Fourth and Fourteenth Amendment rights under 42 U.S.C. §1983 by interfering with her custody of CR. Defendants argue they are entitled to summary judgment on multiple grounds.

**II**

Summary judgment will be granted if the moving party shows that there is no genuine dispute as to material facts, and judgment is warranted as a matter of law. Fed. R. Civ. P. 56(a). The moving party has no burden to disprove matters on which it would not carry the burden of proof at trial. "The moving party need only point out to the Court that there is an

- 3 -

1  absence of evidence to support the non-moving party's case." <u>Sluimer v. Verity, Inc.</u>, 606
2  F.3d 584, 586 (9th Cir. 2010). Thereafter, the burden shifts to the non-moving party to
3  designate specific facts showing that there is a genuine issue for trial. <u>Celotex Corp. v.
4  Catrett</u>, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986).

### Brown and MacAlpine

Brown and MacAlpine have provided affidavits asserting that they were not involved in the investigation or the decision to take temporary custody or initiate dependency proceedings regarding CR. Plaintiff alleges that Brown and MacAlpine are involved in the case because they took over for the investigators before the dependency hearing and failed to refute false allegations contained in the dependency petition. A party opposing a motion for summary judgment must set forth specific facts showing that there is genuine issue for trial. Fed. R. Civ. P. 56(e). Moreover, Fed. R. Civ. P. Rule 56(c) requires entry of summary judgment against a party who fails to establish the existence of an essential element of its case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp.</u>, 477 U.S. at 322-23, 106 S.Ct. at 2552. Plaintiff fails to offer any evidence to controvert Brown and MacAlpine's testimony. Plaintiff also fails to establish that either Brown or MacAlpine had the knowledge and opportunity to correct allegedly false statements contained in the dependency petition. Therefore, Brown and MacAlpine are entitled to summary judgment.

### State, DES, and CPS

"[A] state and its officials sued in their official capacity are not considered 'persons' within the meaning of § 1983." <u>Wolfe v. Strankman</u>, 392 F.3d 358, 364 (9th Cir. 2004) (citations omitted). Therefore, the State of Arizona is not a proper defendant under plaintiff's § 1983 claim. State agencies are also protected from suit under § 1983. <u>Ceballos v. Garcetti</u>, 361 F.3d 1168, 1183 n. 11 (9th Cir. 2004) (citing <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). Because DES and CPS are state

agencies, they are also improper defendants under plaintiff's §1983 claim. In any event, DES and CPS are merely administrative units of the state and have no capacity to be sued. Accordingly, the State of Arizona, DES, and CPS are entitled to summary judgment in their favor.

**Pederson**

Defendants argue that Pederson is entitled to absolute immunity for her decision and actions in pursuing, obtaining, and executing the temporary custody order for CR. Social workers are entitled to absolute immunity when they make "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008) (citation omitted). Plaintiff argues that a CPS worker is not entitled to absolute immunity when she fabricates claims or makes false statements in a dependency petition. However, Plaintiff has not produced any evidence that Pederson fabricated information. Therefore, Pederson is entitled to absolute immunity for her decision and actions to institute court dependency proceedings to terminate plaintiff's custody of CR.

Defendants next contend that Pederson is entitled to qualified immunity for her investigatory conduct. Qualified immunity shields a government official performing discretionary functions from liability for civil damages when her conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Dunn v. Castro, 621 F.3d 1196, 1198 (9th Cir. 2010) (citation omitted). Deciding whether qualified immunity applies involves a two-step analysis to determine whether (1) the alleged facts establish a violation of plaintiff's constitutional right and (2) that right was clearly established at the time the events occurred. Id. There is qualified immunity if the second prong alone is answered in the negative. James v. Rowlands, 606 F.3d 646, 651 (9th Cir. 2010) (citing Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)). The "clearly established" inquiry is solely a question of law for the court. Tortu v. Las Vegas Metropolitan Police Dept., 556 F.3d 1075, 1085 (9th Cir. 2009). A right is clearly

established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Lacey v. Maricopa County, 649 F.3d 1118, 1131 (9th Cir. 2011) (citation omitted). In this case, the relevant question is whether any reasonable CPS investigator would believe that taking CR into temporary protective custody was lawful "in light of clearly established law and the information" she possessed. See Baker v. Racansky, 887 F.2d 183, 187 (9th Cir. 1989).

Plaintiff alleges that defendants violated her fundamental right to have custody of her child. SAC ¶¶ 234-236. A parent's right to care, custody, and control of his or her children without governmental interference is not absolute. Linda v. Ariz. Dep't of Economic Security, 211 Ariz. 76, 78, 117 P.3d 795, 797; see also Burke v. County of Alameda, 586 F.3d 725, 731 (9th Cir. 2009). A CPS worker may take a child into temporary custody if probable cause exists to believe that the child is in imminent danger of abuse or neglect, or is suffering serious physical or emotional injury diagnosed by a medical doctor or psychologist. A.R.S. § 8-821(B). Probable cause exists when "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." Hart v. Parks, 450 F.3d 1059, 1065-66 (9th Cir. 2006) (citations omitted). Plaintiff argues that probable cause is a question for the jury. However, when qualified immunity is offered as a defense, the court must determine whether probable cause exists before the case goes to trial. See Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 537 (1991).

Here, it is undisputed that Pederson received reports from doctors at two different hospitals indicating that CR was in danger of medical and psychological harm. DSOF ¶¶ 21-22; PSOF ¶ 21; SAC ¶ 199. Specifically, four of CR's treating physicians at Banner concluded, "that returning [CR] home to mother's care will impede CR's recovery and be further psychologically and medically harmful to CR." DSOF ¶ 32; SAC ¶ 229. In light of the reports from CR's doctors and established law under A.R.S. § 8-821(B), a reasonable CPS

1  investigator would have probable cause to believe that taking CR into temporary protective
2  custody was lawful at the time. Indeed, the juvenile court's findings that state custody was
3  "**clearly necessary** to prevent abuse or neglect pursuant to A.R.S. § 8-825," support the
4  conclusion that Pederson's actions were reasonable. (doc. 251, ex. 10) (emphasis in original).
5  Plaintiff argues that the doctors' allegations regarding CR's abuse or neglect were false and
6  that Pederson failed to investigate their veracity. Response at 9-10. However, plaintiff has
7  not produced specific facts showing that there is a genuine issue for trial regarding the
8  doctors' allegations. Moreover, "[o]nce probable cause is established, an officer is under no
9  duty to investigate further, or to look for additional evidence which may exculpate the
10 accused." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1147 (9th Cir. 2012). Accordingly,
11 Pederson is entitled to qualified immunity for any allegations relating to her investigatory
12 conduct. She would have been derelict in her duty if she had not acted.

13    Because we conclude that defendants are entitled to summary judgment on the
14 grounds discussed above, we need not reach the issue of collateral estoppel.

**III**

16    Finally, we note that the complaint in this matter was filed on March 22, 2010. An
17 Affidavit of Service was filed showing service as to the defendant Marysol Ruiz on July 12,
18 2010. No answer has been filed, and plaintiff has failed to file an application for entry of
19 default for more than two years. Therefore, we dismiss defendant Marysol Ruiz for lack of
20 prosecution.

21    **IT IS ORDERED GRANTING** defendants' motion for summary judgment (doc.
22 250). The clerk shall enter final judgment in favor of all defendants and against plaintiff.
23    DATED this 11th day of February, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge