**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Leanna Smith, | ) | No. CV 10-01632-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Barrow Neurological Institute, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

On February 12, 2013, we entered an order granting defendants Banner Health System and Scott Elton, M.D.'s motion for sanctions and instructing them to file an application for reasonable attorneys' fees caused by (1) plaintiff's failure to promptly obtain records from the juvenile court and to comply with Rule 26, Fed. R. Civ. P., and (2) plaintiff's motion for leave to file a third amended complaint (doc. 334). We now have before us defendants' application for attorneys' fees re: order granting sanctions (doc. 338), plaintiff's motion to stay or in the alternative response to defendants' application (doc. 346), plaintiff's supplement to the motion to stay (doc. 350), defendants' response to the motion to stay and reply in support of the application (doc. 353), and plaintiff's reply in support of the motion to stay (doc. 358).

Plaintiff's motion to stay is based on the contention that we do not have jurisdiction over the application for attorneys' fees because on March 3, 2013 plaintiff filed a notice of appeal incorporating the order granting sanctions. Generally, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. Natural Res. Def. Council

1  v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  However, the "rule of

2  exclusive appellate jurisdiction" resulting from an appeal "is a creature of judicial prudence

3  [. . .] and is not absolute." Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955,

4  956 (9th Cir. 1983)(citations omitted).  An appeal from the merits does not foreclose an

5  award of attorneys' fees by the district court. Id.  Allowing the district court to retain the

6  power to award attorneys' fees after the notice of appeal had been filed, "may prevent delay

7  and duplication at the appellate level" because, "[i]f a district court decides a fee issue early

8  in the course of a pending appeal on the merits, and the fee order is appealed, the appeals

9  may be consolidated." Id.

10      Deciding defendants' application for attorneys' fees at this time would conserve

11  appellate resources because, assuming plaintiff files a notice of appeal from this order, that

12  appeal can be consolidated with the pending appeal.  Therefore, we deny plaintiff's motion

13  to stay and consider defendants' application for attorneys' fees.

14      Plaintiff next requests reconsideration of our order granting defendants' motion for

15  sanctions (doc. 334).  A court "will ordinarily deny a motion for reconsideration of an Order

16  absent a showing of manifest error or a showing of new facts or legal authority that could not

17  have been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).

18  Plaintiff has not met her burden.  Plaintiff largely restates facts and arguments that were

19  presented when we considered defendants' motion for sanctions, and fails to explain why she

20  could not have raised new arguments earlier with reasonable diligence.  Therefore, we deny

21  plaintiff's request for reconsideration. We consider only the reasonableness of the attorneys'

22  fees requested pursuant to our order granting sanctions.

23      Defendants seek an award of attorneys fees for: (1) $19,571.00 spent in connection

24  with plaintiff's failure to promptly obtain records from the juvenile court and comply with

25  Rule 26, Fed. R. Civ. P.; (2) $15,154.00 spent responding to plaintiff's filing of the third

26  amended complaint; (3) $23,080.00 incurred in connection with the motion for sanctions; and

27  (4) $5,908.50 expended on this application for attorneys' fees. Defendants have submitted

28  a supporting declaration and an itemization and description of the work performed by their

counsel.  Plaintiff's counsel did not object to the reasonableness of defense counsel's hourly billing rate, which ranges between $160.00 per hour to $285.00 per hour.  Based on the billing information provided and our familiarity with the legal market, we conclude that the hourly rates are reasonable.

# I

Plaintiff objects on several grounds to defendants' request for attorneys' fees resulting from plaintiff's failure to promptly obtain records from the juvenile court.  First, plaintiff argues that defendants are not entitled to $6,894 in fees for work between July 20, 2011 and March 29, 2012 because that activity was not caused by plaintiff's violation of any court order.  We disagree.  The record reflects that Judge Campbell first ordered plaintiff to initiate an action in juvenile court to obtain access to records of the juvenile court proceeding on April 22, 2011. See Doc. 57.  Judge Campbell ordered plaintiff to obtain the juvenile court records again on June 30, 2011 and  November 2, 2011.  See Docs. 70, 85.  Therefore, the fees defendants incurred in connection with obtaining access to the juvenile records between July 2011 and April 2012 are recoverable.  Second, plaintiff objects to specific time entries reflecting communication between the parties concerning access to juvenile records.  Plaintiff's objection is without merit because the time entries specifically reference accessing the juvenile court records.  Third, plaintiff objects to the redaction of certain time entries.  Because the redactions preclude us from determining whether the time entries are related to gaining access to juvenile records, we reduce the fees requested by the dollar amounts of those entries  ($96.00+$48.00+$72.00+$72.00+$84+$672  =  $1,044).[1]   Fourth, plaintiff contends that defendants inappropriately seek attorneys' fees for drafting and filing a motion to stay in October 2011  because it was denied and not related to violation of any court order.  Defendants' motion to stay was related both to the proceedings pending in the Superior Court of Arizona in Maricopa County and plaintiff's failure to obtain an order from the Superior

---

[1] See Doc. 338-2 entries dated 10/7/2011, 3/5/2012, 3/22/2012, 3/29/2012, 5/23/2012, and 5/25/2012.

1   Court releasing the juvenile records.  Therefore, we reduce by half the fees requested in

2   connection with the motion to stay ($2,073/2 = $1,036.50).  Next, plaintiff argues that

3   defendants' counsel is not entitled to seek fees for reviewing and accessing the juvenile court

4   rulings.  This argument is without merit.  The specific entries plaintiff objects to are related

5   to plaintiff's failure to obtain the juvenile court records.[2]  However, defendants are not

6   entitled to fees for reviewing juvenile court rulings that plaintiff promptly disclosed ($681).[3]

7   Plaintiff also objects to a series of time entries by generally stating that they are not justified.

8   See Doc. 346 at 7.  However, our review of the record reveals that they are related to

9   accessing the juvenile records.  Finally, plaintiff argues that she should not be sanctioned for

10  records she allegedly did not possess.  But plaintiff, a party to the juvenile proceeding, had

11  access to all records.  Defendants did not.

12      Plaintiff also objects to defendants' request for attorneys' fees in connection with

13  plaintiff's failure to comply with Rule 26, Fed. R. Civ. P.  Plaintiff challenges a series of

14  billing entries referencing communications about expert disclosures between defendants'

15  counsel and plaintiff's counsel, without stating why these are inappropriate.  The fees related

16  to the entries are recoverable because they are related to plaintiff's failure to meet the Rule

17  26 expert disclosure requirements.  Plaintiff also argues that defendants are inappropriately

18  seeking attorneys' fees for preparation of the motion to compel filed on July 24, 2012.  Even

19  though the motion became moot after we granted defendants' motion for summary judgment

20  on July 31, 2012, the effort that went into the motion resulted from plaintiff's failure to

21  comply with Rule 26.  Therefore, the fees associated with preparation of the motion are

22  recoverable.  However, we agree that the $670 in fees associated with entries in August 2012

23  relating to the motion to compel are not recoverable because the summary judgment order

24  mooted any further work on the motion to compel.  Accordingly, we award defendants fees

25

26      [2] See Doc. 338-2 entries dated 10/3/2011, 10/27/2011, 12/1/2011, 12/16/2011, and
27  1/25/2012.

28      [3] See Doc. 338-2 entries dated 2/2/2012.

in the amount of $16,139.50 ($19,571.00 less $3,431.50 in inappropriate fees) in connection with plaintiff's failure to promptly obtain records from the juvenile court and to comply with Rule 26, Fed. R. Civ. P.

## II

Next, plaintiff challenges the $15,154.00 in fees defendants request in connection with plaintiff's motion to file a third amended complaint. Plaintiff argues that any fees incurred before she filed her third amended complaint on November 11, 2011 are inappropriate. We disagree. Plaintiff informed defendants of her intention to file a third amended complaint before November 2011. Therefore, the fees defendants incurred before November 2011 in preparing to oppose the frivolous filing are reasonable. Plaintiff also objects to several entries that have been partially redacted, but it is clear that those entries are related to the third amended complaint.[4] Finally, plaintiff objects to numerous entries on the bases that the fees are unreasonable and excessive. However, she has failed to meet her burden to provide evidence demonstrating the excessive or unreasonable nature of the fees. See McGrath v. County of Nevada, 67 F.3d 248, 255 (9th Cir. 1995). Accordingly, the fees defendants seek in connection with the third amended complaint are reasonable. These fees are recoverable against plaintiff's attorney. See 28 U.S.C. § 1927 ("Any attorney . . . thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

## III

Finally, plaintiff argues that defendants are not entitled to attorneys' fees for preparing the motion for sanctions and this application for attorneys' fees. Attorneys' fees for preparing the motion for sanctions are recoverable under our order because the fees related to the preparation of the motion for sanctions resulted from plaintiff's discovery failures and frivolous filing. However, we agree with plaintiff that fees in the amount of $23,080.00 are

---

[4] See Doc. 338-2 entries dated 11/4/11, 11/11/11, 12/6/11, and 1/20/12.

1    excessive.  A significant amount of the factual research required for the motion for sanctions
2    should have been readily available from other discovery motions.  Moreover, the legal issues
3    presented were not overly complex.  Therefore, we believe an award of half of the fees
4    sought, in the amount of $11,540 is appropriate.  Defendants are also entitled to recover fees
5    for their work in seeking attorneys' fees. Time spent preparing the fees application "must be
6    included in calculating a reasonable fee because uncompensated time spent on petitioning
7    for a fee automatically diminishes the value of the fee eventually received." Anderson v.
8    Director, Office of Workers Compensation Programs, 91 F.3d 1322, 1325 (9th Cir. 1996).
9    Based on our experience with attorneys' fees motions, we believe the amount of $5,908.50
10   is reasonable.

          **IT IS ORDERED DENYING** plaintiff's motion to stay (doc. 346).

          **IT IS FURTHER ORDERED GRANTING** defendants' application for attorneys'

fees (doc. 338).  **IT IS ORDERED** that defendants are awarded attorneys' fees in the amount

of $15,154.00 against Keith Knowlton and Keith M. Knowlton LLC, jointly and severally.

**IT IS FURTHER ORDERED** that defendants are awarded attorneys' fees in the amount

of $16,139.50, $11,540.00, and $5,908.50 for a total amount of $33,588.00 against plaintiff,

Keith Knowlton, and Keith M. Knowlton LLC, jointly and severally.

          DATED this 28th day of May, 2013.

_Frederick J. Martone_

Frederick J. Martone
Senior United States District Judge