**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leanna Smith, ) | No. CV 10-01632-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Barrow Neurological Institute, et al., ) | |
| Defendants. ) | |

We have before us defendant Banner Health's motion for attorneys' fees and nontaxable costs (doc. 339), defendant's memorandum in support of its motion (doc. 365), plaintiff's response (doc. 371), and defendant's reply (doc. 372).

On March 22, 2010, plaintiff filed this action alleging intentional interference with custody of a child and violation of her civil rights under 42 U.S.C. § 1983. Defendant filed two motions to dismiss, which Judge Campbell denied. See Docs. 30, 58. On March 16, 2012, the matter was reassigned to us. We granted defendant's motion for summary judgment on July 31, 2012. Doc. 200. Defendant now requests fees pursuant to 42 U.S.C. § 1988(b).

In any case brought under Section 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Attorneys' fees may be recovered by a prevailing defendant in a civil rights action only upon finding that the action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Hughes v. Rowe, 449

U.S. 5, 15, 101 S. Ct. 173, 178-79, 66 L.Ed.2d 163 (1980) (citation omitted). The Supreme Court has cautioned that a finding that the case is groundless cannot be made solely on the basis of "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S. Ct. 694, 700, 54 L.Ed.2d 648 (1977). But we may award fees to a defendant under Section 1988 where a plaintiff continues litigation after it has become clear that the action has no chance of success. Id.

Defendant contends that it is entitled to attorneys' fees because plaintiff's action was frivolous. Although plaintiff did not ultimately prevail, Judge Campbell initially held that plaintiff's claims were plausible. Therefore, we cannot conclude that plaintiff's complaint was frivolous when filed. However, after we granted summary judgment in favor of defendant, it should have been obvious to plaintiff and her counsel that her claims lacked legal and factual basis. Our order clearly states that plaintiff's claims are wholly unsupported by the evidence. See Doc. 200. Plaintiff's response to the order was unreasonable. Rather than withdraw the lawsuit, plaintiff pressed forward by filing a discovery motion (doc. 269) and a motion for reconsideration (doc. 302). Such conduct caused defendant to continue incurring attorneys' fees and costs. Because plaintiff continued to litigate this action after it became clear she had no chance of success, we award defendant the attorneys' fees it was forced to incur after we granted its motion for summary judgment on July 31, 2012.

We now turn to establishing a reasonable fee award for this action. Defendants seek an award of $465,451.00 in attorneys' fees and $40,223.50 in non-taxable costs, and have submitted a supporting memorandum (doc. 365) and supporting documentation substantially in compliance with LRCiv 54.2(c)-(d). We determine a reasonable fee award by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The declaration submitted by Snell and Wilmer (doc. 365-2) indicates that the hourly rates for attorneys ranged from $160.00 to $285.00, and that the hourly rates for paraprofessionals

- 2 -

ranged from $45.00 to $110.00. Plaintiff does not contest the hourly rates, nor does she raise any issue regarding the experience, skill or reputation of the attorneys. Based on our familiarity with the Phoenix legal market we conclude the rates are reasonable. We calculate the amount of reasonable fees below using an average hourly rate of $222.50 for attorneys, and $77.50 for paraprofessionals.

In accordance with LRCiv 54.2(d)(3), defendant's supporting documentation includes a task-based itemized statement of fees (doc. 365-4). We review the statement of fees and exclude hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. As discussed above, defendant is entitled to fees incurred after July 31, 2012. Defendant seeks fees in the amount of $304,019.38 for 1,434.6 hours spent by Snell and Wilmer on the entire action. We exclude fees incurred before July 31, 2012 and award fees in the amount of $96,120 for approximately 432 hours[1] billed by Snell and Wilmer attorneys between August 1, 2012 to February 19, 2013. Defendant also requests fees in the amount of $61,876 for 1,101.7 hours performed by paraprofessionals in connection with this action. After reviewing the time entries, we find that defendant is only entitled to $4,650 in paraprofessional fees for approximately 60 hours of work completed after July 31, 2012. Defendant also includes electronic legal research fees in the amount of $8,995.00 in its statement of fees. Such fees are generally recoverable as attorney fees. Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redlands Ins. Co., 460 F.3d 1253, 1258-59 (9th Cir. 2006). The majority of those fees, however, are related to legal research completed before July 31, 2012. Defendant is only entitled to

---

[1] This amount excludes 18 hours that Snell and Wilmer attorneys billed after July 31, 2012 for work on a motion to transfer Smith v. Elton, No. 2:12-CV-00905-PHX-ROS to the undersigned. We denied the motion to transfer because plaintiff's new case raised issues not raised in this case. See Doc. 255. Defendant is not entitled to fees it incurred in seeking to transfer that unrelated matter.

- 3 -

$35.00 in legal research fees in connection with plaintiff's motion for reconsideration.[2] We decline to award fees in connection with the document review conducted by Ryley Carlock & Appelwhite attorneys because all of that work was performed before July 31, 2012. We conclude that defendant is entitled to a total amount of $100,805.00 in attorneys' fees incurred after July 31, 2012.

An award of attorneys' fees for continuing to pursue a groundless action is necessary to fulfill the deterrent purposes of 42 U.S.C. § 1988. However, the award should not subject the plaintiff to financial ruin. Miller v. L.A. County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987). Plaintiff alleges that she is almost destitute and has no ability to pay attorneys' fees. Although plaintiff has not provided an affidavit or any financial statement disclosing her net worth, defendant does not dispute the claim of indigence. Based on the record we conclude that a fee award in the amount of $100,805.00 would subject plaintiff to significant financial hardship. Therefore, we reduce the fee award by half, for a total amount of $50,402.50. Of course, we recognize that, as a practical matter, if plaintiff is as indigent as she claims, the likelihood of collecting the fee award is small.

Based on the foregoing, **IT IS ORDERED GRANTING** defendant's motion for attorneys' fees and nontaxable costs in the amount of $50,402.50 (doc. 339).

DATED this 13th day of June, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge

---

[2] We exclude the $250.00 fee for legal research regarding defendant's motion for sanctions because we already awarded defendant fees for that motion. See Doc. 37.

- 4 -